# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-949V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
P.M.,                                    *
                                         *          Chief Special Master Corcoran
                 Petitioner,             *
                                         *          Dated: February 5, 2020
v.                                       *
                                         *          Attorneys' Fees and Costs
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                 Respondent.             *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mallori B. Openchowski*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 5, 2016, P.M. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he experienced the significant aggravation of his underlying multiple sclerosis ("MS") as a result of receiving the influenza ("flu") vaccine on October 9, 2014. Petition (ECF No. 1) at 1. I held an entitlement hearing on June 7, 2018, in Washington, D.C. I issued a decision denying entitlement in the case on September 24, 2019 and no appeal was taken.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On December 20, 2019, Petitioner filed a motion seeking a final award of attorney's fees.[3] Mot. for Final Attorney's Fees, dated Dec. 20, 2019 (ECF No. 84) ("Mot."). He has requested $5,703.50 in attorney's fees. Mot. at 1. As the invoice attached to the Fees Motion demonstrates, Petitioner's counsel continued to work on the matter between February 2019 (when interim fees were requested) and December 2019. Mot. 1 at 7. Future costs related to the litigation of this matter are not requested, nor does Petitioner seek reimbursement of any out-of-pocket expenses.

Respondent reacted to the Fees Motion on December 30, 2019, deferring to my discretion as to whether Petitioner has met the legal standards for a final fees award. *See* Response, dated Dec. 30, 2019 (ECF No. 85) at 2–3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees are met, and he recommends that if I find that an award is appropriate, I calculate a reasonable award. *Id*.

Now, having had the opportunity to review all filings in light of the medical record, I hereby (and for the reasons set forth below) **GRANT** Petitioner's Motion, awarding fees in the total amount of **$5,703.50**.

## ANALYSIS

I.      *Petitioner's Claim had Reasonable Basis*

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. Rather, such a claim must be shown to have possessed "reasonable basis"— meaning that it had some objective basis upon which to proceed. *See, e.g.*, *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289–90 (noting that a special master's reasonable basis analysis should include an examination of objective factors including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation").

Here, I find Petitioner's claim had sufficient objective basis to entitle her to a fee award under the applicable reasonable basis analysis. Claims that vaccines can aggravate MS are common enough in the Program to have facial credibility. *See Quackenbush-Baker v. Sec'y of Health & Human Servs.*, No. 14-1000V, 2018 WL 1704523 (Fed. Cl. Spec. Mstr. Mar. 14, 2018) (finding flu vaccine significantly aggravated the petitioner's preexisting MS); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011) (upholding a special master's determination that flu vaccine did not significantly aggravate preexisting MS). Even though this claim was unsuccessful (due primarily to the lack of reliable expert and evidentiary support for Petitioner's

---

[3] Petitioner filed a motion seeking interim attorney's fees and costs. Motion for Interim Attorney's Fees and Costs, filed Feb. 4, 2019 (ECF No. 62). On April 22, 2019, I granted in part Petitioner's motion for interim attorney's fees and costs.

proposed theory of causation), it was based on evidence, including diagnostic test results and treater support, of MS exacerbation temporally following vaccine administration. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis.

II.      *Calculation of Attorney's Fees*

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Conway Homer, P.C. is located in Boston, Massachusetts—a jurisdiction that has been deemed "in forum." *See, e.g.*, *Caruso v. Sec'y of Health & Human Servs.*, No. 15-200V, 2017 WL 5381004, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2017). Petitioner's counsel are therefore entitled to the forum rates established by the Office of Special Masters for the work performed in this matter.[4] Additionally, after reviewing the rates requested by Petitioner for the work of her counsel (the billing records indicate that the majority of attorney work was handled by Ms. Christina Ciampolillo, while supporting work was done by Mr. Ronald Homer, Ms. Meredith Daniels, and Mr. Nathaniel Enos) I find that the rates requested are reasonable and consistent with what counsel has previously been awarded for their Vaccine Program work in 2019. The billing entries describe with sufficient detail the task being performed and the time spent on each task. Respondent has not identified any particular entries as objectionable and upon review, I find that the rates are reasonable for the work done in the instant matter and therefore no reduction is necessary.

---

[4]    *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Feb. 3, 2020).

**CONCLUSION**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees.

I therefore award a total of **$5,703.50** in fees as a lump sum in the form of a check payable to Petitioner's counsel, Mr. Ronald C. Homer, representing attorney's fees.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.